# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS A BOJO,<br><br>Defendant. | Case Nos. 1:24-po-00062-SAB-1<br><br>ORDER CONSTRUING RESPONSE AS MOTION TO WITHDRAW AND GRANTING MOTION TO WITHDRAW<br><br>(ECF No. 76) |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EVELIA GILVILLABOS,<br><br>Defendant. | |

**I.**

**BACKGROUND**

Before the Court is Attorney Marc Pelta's "Motion to Withdraw Response to Discharge Motion," filed in both the consolidated action, United States v. Bojo, and the closed case United States v. GilVillabos.

Though stylized on the docket as a motion to withdraw, the filing appears to be a response filed by Attorney Pelta in relation to a court order in the pending appeal in this matter, United States v. Bojo, No. 1:25-cr-00196-KES, ECF No. 5 (E.D. Cal.), ordering Pelta to respond to Defendants' motion to discharge counsel. Because Attorney Pelta's representation occurred in the instant petty offense case, the Court will construe Pelta's response here as a motion to

1  withdraw. In addition, the Court takes judicial notice of Defendants' motion to discharge
2  counsel filed in their appeal, id. at ECF No. 3,[1] insofar as demonstrating that Defendants do no
3  oppose Attorney Pelta's withdrawal—evidenced by the fact that they that seek him to be
4  discharged. Furthermore, the Court finds this matter is suitable for disposition without a hearing
5  and takes the matter under submission. L.R. 230(g).

6  Having dispensed with housekeeping matters, the Court now turns to whether to grant the
7  motion to withdraw.

## II.

## LEGAL STANDARD

10  Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar
11 of California, and the Local Rules for the United States District Court, Eastern District of
12 California. See L.R. 182; L.S. ex rel. R.S. v. Panama Buena Vista Union Sch. Dist., No. 1:12-
13 CV-00744 LJO, 2012 WL 3236743, at *1 (E.D. Cal. Aug. 6, 2012).

14  The California Rules of Professional Conduct provide that if the rules of a court require
15 permission for an attorney to withdraw, the attorney may not withdraw from employment in a
16 proceeding without the permission of such court. Cal. R. Prof. Conduct 1.16(c). In addition,
17 counsel must take reasonable steps to avoid prejudicing the rights of the client, including
18 providing notice, allowing time for the client to employ other counsel, and complying with
19 applicable laws and rules. Cal. R. Prof. Conduct 1.16(d).

20  In turn, the Local Rules provide that an attorney who has appeared on behalf of a client
21 may not withdraw, leaving the client *in propria persona*, without leave of court upon noticed
22 motion, along with notice to the client and all other parties who have appeared. L.R. 182(d).
23 The attorney is also required to "provide an affidavit stating the current or last known address or
24 addresses of the client and the efforts made to notify the client of the motion to withdraw." Id.

---

[1] A court may take judicial notice of a fact not subject to reasonable dispute, either because the fact is generally known within the territorial jurisdiction of the trial court or because the fact is capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). To that end, Courts may also take judicial notice of undisputed matters of public record, Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001), including documents filed in federal or state courts. Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

1  It is within the Court's discretion whether to grant withdrawal. L.S. ex rel. R.S., 2012 WL 3236743, at *2 (citing Canandaigua Wine Co., Inc. v. Moldauer, No. 1:02-CV-06599, 2009 U.S. Dist. LEXIS 4238, at *2 (E.D. Cal. Jan. 13, 2009)). "Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to other litigants, (3) harm caused to the administration of justice, and (4) delay to the resolution of the case caused by withdrawal." Id. Additionally, "[l]eave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." L.R. 182(d).

## III.

## DISCUSSION AND ANALYSIS

To begin, Attorney Pelta argues that the primary reason for his withdrawal is that "the scope of employment for Defense Counsel did not include his services to represent [Defendants] in the appellate stages of their case." (ECF No. 76, p. 2.) Moreover, Pelta notes that a conflict of interest has since arisen between Defendants and him. (Id.) In further support, Pelta observes that Defendants at trial were unambiguously given an explanation of their rights under Faretta v. California, 422 U.S. 806 (1975), and that Defendants cite to as such in their motion to discharge counsel. (Id. at p. 1.) Pelta then points out that Defendants in their motion to discharge have seemingly made their decision to end their services with Pelta knowingly, voluntarily, and intelligently. (Id.); see Bojo, No. 1:25-cr-00196-KES, ECF No. 3. Pelta then advises the Court that he provided Defendants with a copy of their client file on November 1, 2025, and therefore, Pelta asserts he has taken reasonable steps to avoid foreseeable prejudice to Defendants. (Id. at pp. 1-2.)

The Court finds that Attorney Pelta's reasons for withdrawal to be sufficient. In particular, the Court notes that Pelta was hired only for representation at trial. Based on Pelta's representations, it appears that Defendants have received their client file and thus, there does not appear to be any prejudice to Defendants from Pelta's withdrawal. Furthermore, the Court finds that there is no harm to the administration of justice or any delay that would be caused by Pelta's withdrawal. The Court also agrees with Pelta that it appears that, based on their motion to discharge in the appeal, Defendants have ceased services with Pelta knowingly, voluntarily, and

intelligently.  Finally, although the Court's Local Rules require an attorney that is leaving a party *in propria persona* to file an affidavit stating the last known address of his or her clients, the Court finds this requirement to be moot here because Defendants have already filed their appeal and appear to be actively engaging in litigation therein.  As previously advised to the Defendants in court, they have a right to have appellate appointed counsel at no cost to them if they are financially eligible.

Having considered the motion and Defendants' motion to discharge, the Court finds Attorney Pelta's withdrawal in this matter to be appropriate, and therefore, the Court will grant the motion.

## IV.

## CONCLUSION AND ORDER

In light of the foregoing, the Court HEREBY ORDERS the following:

1. The Court CONSTRUES Attorney Marc Pelta's response to discharge motion (ECF No. 76) as a motion to withdraw;

2. The Court GRANTS the motion to withdraw (ECF No. 76);

3. Based on the notice of errata, the Court DIRECTS the Clerk of the Court to administratively terminate ECF No. 75;

4. Attorney Pelta filed the same motions and errata in the now-closed consolidated case, United States v. GilVillabos, No. 1:24-po-00073-SAB-1.  Because the Court consolidated these cases and has granted relief in the instant case, the Court also DIRECTS the Clerk of the Court to administratively terminate ECF Nos. 33 and 34 in United States v. GilVillabos, No. 1:24-po-00073-SAB-1; and

5. The Clerk of the Court is DIRECTED to file this order in the pending appeal, <u>United States v. Bojo</u>, No. 1:25-cr-00196-KES.

IT IS SO ORDERED.

Dated:   **November 5, 2025**

STANLEY A. BOONE
United States Magistrate Judge

5